IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| LESLIE CURTIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-CV-226-MTT |
| BAC HOME LOANS SERVICING LP | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant BAC Home Loans Servicing LP's Motion to Dismiss Complaint (Doc. 3) and Motion to Dismiss Plaintiff's Amended Complaint (Doc. 14) (collectively, "Motion to Dismiss"). In response to the Defendant's Motion to Dismiss, the Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss (Doc. 10) and an Amended Motion to Strike Defendant's Motion to Dismiss (Doc. 12), to which the Defendant filed Replies (Doc. 11 and Doc. 15). The Plaintiff's Motions to Strike Defendant's Motions to Dismiss set forth no viable legal theories upon which the Court could rely in striking the Defendant's Motion. As such, the Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Amended Motion to Strike Defendant's Motion to Dismiss are **DENIED**. Although the brunt of the Plaintiff's Motions to Strike contain unintelligible allegations, in ruling on the Defendant's Motion to Dismiss, the Court will consider those portions it is able to comprehend as a Response to the Defendant's Motion to Dismiss.

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Federal Rules employ a notice pleading standard, which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Rather, a plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* at 555. The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* Moreover, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assur., Inc., v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Although complaints filed by pro se litigants are to be liberally construed, pro se claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (internal quotation marks omitted). In addition, in pro se cases, the Court should not "serve as de facto counsel … or … rewrite an otherwise deficient pleading in order to sustain an action." *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998)).

The Plaintiff's Complaint and Amended Complaint [1] (collectively, the "Complaint") appear to assert claims related to a residential mortgage loan transaction. However, the vast majority of the Plaintiff's allegations are wholly incomprehensible. The Complaint contains the following allegations:

- "Defendant altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note as well as the check issue to the closing attorney."

- "Defendant failed to issue (Loan) constitutional dollars in the transaction, issuing credit which was unconstitutional at best."

- "Defendants failed to disclose a material fact concerning the demanded deposit of the not [sic] pledge which caused the Plaintiff to be the true lender in the transaction."

- "Defendants is believed to have used a common practice which was used by the Goldsmiths who keep coins on deposit in their warehouse, thus creating money out of thin air against Article I Section 10 of the United States Constitution at large."

---

[1] The Plaintiff's Complaint and Amended Complaint are form complaints that have been recycled by this particular borrower. In this Plaintiff's version of the complaint and corresponding motions, she refers to exhibits that do not exist and, on more than one occasion, refers to herself as "Allen." As counsel for the Defendant points out, and as this Court is well aware, Stephanie "Allen," another pro se plaintiff, filed the exact same complaint and responses in another case pending before this Judge. Moreover, this Judge has no less than seven cases currently on his docket in which the exact same form complaint was used, the only changes being the names of the parties and the amount of relief requested.

- In violation of various "Truth in Lending Laws … [t]he Defendants failed to such information under disclosure and is secret continues to collect on contract which must be altered from its original condition."
- "Defendants have received credits without disclosure and notice from the note, from note and Defendants refuse to share those credits with plaintiff under any circumstance whatsoever."
- "Plaintiff seek redress against that which has been charged interest upon the money/credit issued by the plaintiff without understanding it was the Plaintiff own credit; through the wet ink that funded the allege loan the color of banking."
- "Defendant has violated TILA and RESPA …."

Even taking the Plaintiff's pro se status into account, the Complaint is utterly frivolous and lacks any legal foundation. Although the Plaintiff may, in fact, have a valid claim arising from her residential mortgage loan transaction, the Court is unable to construe any viable legal theory or factual basis on which a single one of the Plaintiff's claims, as asserted, could rest.

Aside from the unusual theories of law under which the Plaintiff attempts to proceed, when the Plaintiff does base a claim on an actual federal statute, such as the Defendant's alleged violations of TILA and RESPA, she fails to do so with sufficient particularity to provide fair notice to the Defendant of what the claims are and the grounds upon which the claims rest. Conclusory allegations that the Defendant violated various "Truth in Lending Laws" and unlawfully altered the contract fail to assert the necessary facts to "raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. As such, the Court concludes that the Plaintiff's Complaint does not satisfy the notice pleading requirement of Rule 8 and fails to state a claim upon which relief may be granted. Accordingly, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**, and this case is hereby **DISMISSED**.

    **SO ORDERED**, this 14th day of October, 2010.

                                           S/ Marc T. Treadwell
                                           MARC T. TREADWELL, JUDGE
                                           UNITED STATES DISTRICT COURT